# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| STEVEN JOSEPH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:16-cv-01339 |
| ) | Judge Aleta A. Trauger |
| NANCY A. BERRYHILL, ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM

Plaintiff Steven Joseph brings this action under 42 U.S.C. § 405(g), seeking judicial review of the Social Security Commissioner's denial of his applications for disability insurance benefits ("DIB") and supplemental security insurance ("SSI") under Titles II and XVI of the Social Security Act.

On June 13, 2017, the magistrate judge issued a Report and Recommendation ("R&R") (Doc. No. 20), recommending that the plaintiff's Motion for Judgment on the Administrative Record (Doc. No. 13) be denied and that the decision of the Social Security Administration ("SSA") be affirmed. The plaintiff has filed timely Objections (Doc. No. 21), to which the SSA has responded (Doc. No. 22). For the reasons discussed herein, the court will overrule the Objections, accept the R&R, and deny the plaintiff's motion.

## I. PROCEDURAL BACKGROUND

The plaintiff filed his applications for DIB and SSI on June 27, 2013, with a protective filing date of June 4, 2013, claiming that he had been disabled since November 1, 2007. (*See*

Administrative Record (AR)[1] 274–87, Doc. No. 11.) He later amended the onset date to May 12, 2013. (AR 318.)

The SSA denied the application initially and upon reconsideration. (AR 102–59, 163–68, 174–81.) The plaintiff requested and received a hearing before an Administrative Law Judge ("ALJ"), which was conducted on October 30, 2015. (AR 46–101.) The plaintiff and a vocational expert appeared and testified at the hearing. The plaintiff was represented at the hearing by a non-attorney representative.

The ALJ issued a decision unfavorable to the plaintiff on December 11, 2015, finding that the plaintiff was not disabled within the meaning of the Social Security Act and Regulations. (AR 24–40.) The ALJ made the following specific findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through March 30, 2017.
>
> 2. The claimant has not engaged in substantial gainful activity since May 12, 2013, the alleged onset date (20 CFR 404.1571 *et seq.*, and 20 CFR 416.971 *et seq.*). . . .
>
> 3. The claimant has the following severe impairments: cervical degenerative disc disease; left eye blindness and photosensitivity; personality disorder with maladaptive personality traits; anxiety disorder; bi-polar disorder; somatic symptoms disorder; attention deficit hyperactivity disorder; and autism spectrum / Asperger's syndrome. (20 CFR 404.1520(c) and 416.920(c)). . . .
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). . . .
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 417.967(c) except he can frequently lift twenty-five pounds and occasionally up to fifty pounds; stand and/or walk for about six hours in an eight hour workday; sit for about six hours in an eight-hour workday; with the non-dominant left hand, he can frequently grab and twist and occasionally

---

[1] Page number references to the administrative record are consistent with the Bates stamp number at the lower right corner of each page.

grasp; he can frequently perform hand to finger repetitive action and frequently work with small objects; he can frequently read size 12 print and larger; he can occasionally read smaller than size 12 print; he can handle and work with rather large objects; occasionally avoid hazards in the workplace, such as boxes on the floor and doors ajar; should avoid concentrated exposure to fumes, odors, dusts, gases and poor ventilation; and he should only work around moderate noise. He can maintain concentration, persistence, and pace for two hours at one time over an eight hour workday; occasionally interact with coworkers and supervisors but he should not work with the general public; he can adapt to infrequent changes in the workplace. . . .

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965). . . .

7. The claimant was born on December 4, 1961 and was 51 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 CFR 404.1563 and 419.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, 415.969(a)). . . .

11. The claimant has not been under a disability, as defined in the Social Security Act, since May 12, 2013, through the date of this decision. (20 CFR 404.1520(g) and 416.920(g)).

(AR 26–40).

The Appeals Council declined review of the case (AR 1), thus rendering the ALJ's decision the "final decision" of the Commissioner.

The plaintiff filed his Complaint initiating this action on June 11, 2016. (Doc. No. 1.) The SSA filed a timely Answer (Doc. No. 10), denying liability, and a complete copy of the Administrative Record (Doc. No. 11). On October 6, 2016, the plaintiff filed his Motion for

Judgment on the Administrative Record and supporting Brief (Doc. Nos. 13, 14), which the SSA opposed (Doc. No. 17). The plaintiff filed a Reply. (Doc. No. 18.) On June 13, 2017, the magistrate judge issued his R&R (Doc. No. 20), recommending that the plaintiff's motion be denied and that the SSA's decision be affirmed.

The plaintiff filed Objections to the R&R (Doc. No. 21); the SSA has filed a Response in opposition to the Objections (Doc. No. 22).

## II. STANDARD OF REVIEW

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(1)(C); 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993). Objections must be specific; a general objection to the R&R is not sufficient and may result in waiver of further review. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). In conducting its review of the objections, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In Social Security cases under Title XVI, like those under Title II, the Commissioner determines whether a claimant is disabled within the meaning of the Social Security Act and, as such, entitled to benefits. 42 U.S.C. §§ 1383(c), 405(h). The court's review of an ALJ's decision is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence. *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016) (quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009)). The substantial evidence standard is met if a "reasonable mind might accept the

relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (internal citations omitted). "The substantial evidence standard . . . presupposes that there is a zone of choice within which the decision makers can go either way, without interference by the courts." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). "Therefore, if substantial evidence supports an ALJ's decision, the court defers to that finding, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Id.* (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

### III. OBJECTIONS

The plaintiff's specific objections to the R&R are as follows:

1. The magistrate judge erroneously concluded that the ALJ gave good reasons for discounting the opinion of the treating physician, and the magistrate judge improperly supplied *post hoc* reasoning in support of the ALJ's decision.

2. The magistrate judge erred in finding that the ALJ's evaluation of impairment severity is supported by substantial evidence.

3. The magistrate judge erred in finding that substantial evidence supports the ALJ's credibility determination.

### IV. ANALYSIS

The magistrate judge incorporated a very detailed summary of the plaintiff's medical history into the R&R, which the court adopts and incorporates herein in its entirety.

#### *1. The Weight Accorded the Treating Physician's Opinion*

"The Commissioner has elected to impose certain standards on the treatment of medical source evidence." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375 (6th Cir. 2013) (quoting

*Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011)). Medical opinions are to be weighed by the process set forth in 20 C.F.R. § 404.1527(c). Generally, a treating-source opinion must be given "controlling weight" if two conditions are met: (1) the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the opinion "is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). If the ALJ finds, based on these criteria, that a treating-source opinion is not entitled to controlling weight, then the ALJ must weigh the opinion based on the length, frequency, nature, and extent of the treatment relationship, *id.*, as well as the treating source's area of specialty and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence, *id.* § 404.1527(c)(2)–(6). Even if the treating physician's opinion is not given controlling weight, "there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference." *Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Social Sec.*, 486 F.3d 234, 242 (6th Cir. 2007)).

If the treating source's opinion is not given controlling weight, the ALJ must give "good reasons" for discounting the weight given. 20 C.F.R. § 404.1527(c)(2). These reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. Rul. No. 96–2p, 1996 WL 374188, at *5 (Soc. Sec. Admin. July 2, 1996). This procedural requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). Because the reason-giving requirement exists to "ensur[e] that each denied claimant receives fair process," the Sixth Circuit has repeatedly held that an ALJ's "failure to follow the procedural requirement of identifying the

reasons for discounting the opinions and for explaining precisely how those reasons affected the weight" given "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Blakley*, 581 F.3d at 407 (quoting *Rogers*, 486 F.3d at 243).

In this case, the treating psychiatrist, Dr. Shabeer Abubucker, opined that the plaintiff met the requirements of a listed impairment and also provided an assessment of his residual functional capacity. The ALJ considered both, at length. First, regarding the listing requirements, the ALJ stated as follows:

> The undersigned acknowledges the claimant's mental health provider, Dr. Abubucker, provided an opinion, indicating that the claimant met the requirements described in listings 12.04 and 12.06. The undersigned can accord little weight to these opinions. Dr. Abubucker opined the claimant had a diagnosed depressive syndrome with anhedonia, sleep disturbance, psychomotor agitation, decreased energy, feelings of guilt, difficulty concentrating and thoughts of suicide. He further opined the claimant had a manic syndrome characterized by hyperactivity, pressures of speech, flight of ideas, inflated self-esteem, decreased need for sleep, and easy distractability. Dr. Abubucker also opined the claimant had an anxiety disorder accompanied by motor tension, apprehensive expectation, and vigilance. He noted periods of frequent panic attacks. He found the claimant to be markedly limited in social functioning, extremely limited in concentration abilities, and with four or more episodes of decompensation. Finally, he opined the claimant's symptoms result in a complete inability to function independently outside the home. (Exhibit 10F). The undersigned finds that these opinions are inconsistent with the rather benign medical treatment records, existing [sic] of monthly individual therapy and low-dose anti-depressant medications. Furthermore, Dr. Abubucker goes into detail to describe that the claimant has "periods" in which he had great limitation in mental functioning, and that these limitations are not on a regular and continuing basis. Finally, even though Dr. Abubucker opined the claimant would be unable to function independently outside of the home, the undersigned notes the claimant lives alone, cares for his household chores, grocery shops, and manages his medications with little or no assistance. For reasons discussed above, the claimant's symptoms fail to meet the requirements described in listings 12.02, 12.04, 12.06, 12.07, and 12.08.

(AR 30.)

In assessing Dr. Abubucker's opinion regarding the plaintiff's residual functional

capacity, the ALJ stated as follows.

> Little weight can be accorded to the opinion of the claimant's treating mental health provider, Shabeer Abubucker, MD. Dr. Abubucker completed both a medical source statement as well as an opinion regarding the claimant's symptomology as it would related [sic] to the relevant listings described in 12.00. Dr. Abubucker's opinion regarding the claimant meeting the listings of 12.00 is discussed above. However, the undersigned has additionally weighed Dr. Abubucker's opinion regarding work related limitations. Dr. Abubucker opined the claimant would be moderately limited in his ability to remember locations and work-like procedures; markedly limited in remembering and understanding detailed instructions; moderately limited in carrying out short and simple instructions; markedly limited in carrying out detailed instructions; markedly limited in all activities requiring sustained concentration and persistence; markedly limited in his ability to interact with others including coworkers, supervisors, and the general public; moderately limited in maintaining socially appropriate behavior; markedly limited in responding to changes in the workplace; and markedly limited in his ability to set realistic goals. Dr. Abubucker further noted that the claimant would not be able to properly manage his funds and pay his bills in a timely manner. (Exhibit 9F).
>
> The extreme limitations opined by Dr. Abubucker are simply not supported by the medical evidence of record, or by the claimant's testimony regarding his daily activities. Though Dr. Abubucker opined the claimant would be markedly limited in all tasks requiring concentration, the undersigned notes that the claimant spends many hours each day performing tasks on the internet including maintaining a blog. There is also notation [sic] that the claimant was working to produce a video about his symptoms. It is reasonable that these tasks would take at least a moderate degree of concentration. Furthermore, the claimant can operate a motor vehicle and attends church, where he takes notes of the sermons on his computer. (Exhibit 7F). These tasks are inconsistent with someone who would be markedly limited in the performance of tasks requiring concentration. The undersigned also notes that Dr. Abubucker's opinion that the claimant would be markedly limited in interacting with others is also unsupported by the claimant's own statements. The claimant testified that he is able to shop in stores and attends church at least twice a month. He also reported attending a men's group through his church. (Exhibit 7F). Until recently, the claimant lived in a house with several roommates. Again, these tasks seem to be inconsistent with someone who is markedly limited in his ability to interact with others. As noted above, the claimant has received regular monthly therapy and medication appointment[s]; however, there have been no instances of inpatient treatment, partial hospitalization, or crisis intervention. These extreme limitations are simply not supported by the evidence of record.

(AR 36–37.)

The plaintiff argues that the ALJ's decision to accord little weight to his treating physician's opinions is not supported by good reasons and that the magistrate judge erred in concluding to the contrary and in supplying *post hoc* reasoning to support that conclusion. The court has reviewed *de novo* the ALJ's opinion and the underlying medical record and finds, as did the magistrate judge, that the ALJ gave good reasons for rejecting the treating physician's opinion—namely that Dr. Abubucker's opinion was not fully consistent with his own treatment notes or with the plaintiff's own statements and testimony about his daily activities, which the R&R summarizes comprehensively. The ALJ also went through the listing factors, pointing to specific evidence in the record in support of her conclusions that the plaintiff had no restrictions in the activities of daily living and only moderate, rather than marked, restrictions in the areas of social functioning and maintaining concentration, persistence, and pace. (AR 29.) She further noted, contrary to Dr. Abubucker's contention, that the record reflected only one episode of decompensation in the recent past, not multiple episodes. (AR 30.)

Although the ALJ did not expressly reference the length, frequency, nature, and extent of Dr. Abubucker's treatment relationship, the detailed nature of her summary of the medical record reflects that she was aware that Dr. Abubucker was the treating psychiatrist and that he had a significant treatment relationship with the plaintiff. Moreover, the ALJ clearly considered the extent to which Dr. Abubucker's opinions were consistent with the record as a whole and whether they were supported by relevant evidence. The ALJ satisfied the requirement that she give good reasons for according little weight to Dr. Abubucker's assessment of whether the plaintiff met a listed mental impairment. Further, the ALJ's reasons are "supported by the evidence in the case record, and [are] sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the

reasons for that weight." Soc. Sec. Rul. No. 96–2p, 1996 WL 374188, at *5.

The plaintiff is not entitled to relief on the basis of this claim.

## 2. *The Evaluation of Impairment Severity*

The plaintiff argues, as he did in his Motion for Judgment on the Administrative Record, that the ALJ erred in finding that the plaintiff's ulcerative colitis was a non-severe impairment and that the magistrate judge erred in his consideration of this claim.

The ALJ found that the plaintiff suffered from numerous severe impairments at step two of the disability evaluation. As the magistrate judge correctly noted, whether the plaintiff has additional severe impairments is "legally irrelevant," because the finding of at least one severe impairment required the ALJ to consider all of the plaintiff's impairments—severe and non-severe—in the remaining steps. *Kepke v. Comm'r of Soc. Sec.*, 636 F. App'x 625, 634 (6th Cir. 2016). Moreover, upon review of the record as a whole, the court agrees with the magistrate judge's conclusion that the ALJ's assessment of the plaintiff's ulcerative colitis is well reasoned and supported by substantial evidence. This assignment of error is without merit.

## 3. *The ALJ's Credibility Determination*

Finally, the plaintiff argues that the magistrate judge erred in concluding that the ALJ's credibility finding was supported by substantial evidence in the record. Specifically, he complains that the ALJ's reasons for finding him not fully credible were based on "isolated instances of things the Plaintiff can supposedly do despite his disability" that were "taken out of context" and "exaggerated." (Doc. No. 21, at 4.)

The ALJ's credibility evaluation must be supported by specific reasons that are grounded in evidence. SSR 96-7p, 1996 WL 374186, at *4 (S.S.A. July 2, 1996). So long as the ALJ's credibility decision is supported by substantial evidence, it must "be given great weight,

'particularly since the ALJ is charged with observing the claimant's demeanor and credibility.'" *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997)). Here, the ALJ found the claimant to be a "sincere witness" and that his description of his symptoms and daily activities was generally careful and accurate, but she nonetheless also found that the plaintiff's own testimony failed to support his allegations of disability. Specifically, he testified that he was able to spend up to eight hours per day on the internet, that he lived alone and was able to care for his personal needs without assistance, that he could shop, attend church, participate in a men's group, maintain a few close friendships, and drive his car. She therefore found that the functional limitations he alleged were "not entirely credible." (AR 38.)

Again, upon *de novo* review of the record as a whole, the court finds that the ALJ's credibility determination is adequately explained and supported by substantial evidence in the record.

## V. CONCLUSION

For the foregoing reasons, the court will overrule plaintiff's Objections (Doc. No. 21); accept and adopt the magistrate judge's R&R (Doc. No. 20); deny the plaintiff's Motion for Judgment on the Pleadings and Administrative Record (Doc. No. 13); and affirm the SSA's decision. An appropriate order is filed herewith.

Enter this 8th day of August 2017.

ALETA A. TRAUGER
United States District Judge